UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER GRAVER,

    Plaintiff,

v.                      CASE NO:

FREEDOM SOLAR, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMBER GRAVER, (hereinafter "Plaintiff" or "Ms. Graver"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, FREEDOM SOLAR, LLC (hereinafter "Defendant," "Freedom Solar," or "Company") and alleges:

### INTRODUCTION

1. The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as

1

amended, § 760.10 et seq. ("FCRA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her gender in violation of her rights under Title VII and the FCRA.

3. As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the

rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8. Plaintiff is a 37-year-old female.

9. Plaintiff is a member of a class protected against discrimination based on her gender under Title VII and the FCRA.

10. During the period from August 1, 2022, until September 16, 2022, Defendant employed Plaintiff.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII and the FCRA.

13. The Defendant is FREEDOM SOLAR, LLC, a Foreign Profit Corporation with a principal place of business located at 4801 Freidrich Lane, Suite 100, Austin, Texas 78744.

14. FREEDOM SOLAR, LLC serves all of Texas as well as markets in Colorado, Florida, North Carolina, and Virginia, providing alternative energy to thousands of residential customers and hundreds of commercial solar power clients. FREEDOM SOLAR, LLC has offices based in their hometown Austin, as well as in San Antonio, Dallas-Fort Worth, Houston, Colorado Springs, Denver, Tampa, Orlando, Norfolk, Raleigh-Durham, and Charlotte. Specifically, FREEDOM SOLAR, LLC operates an office at 8105 Krauss Blvd. Ste. 102, Tampa, Florida 33610, in which the Plaintiff worked.

15. At all times conduct herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida.

16. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII and the FCRA.

17. Accordingly, Defendant is liable under Title VII and the FCRA

for the unlawful discrimination to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

18. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

19. On December 8, 2022, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her gender.

20. On March 28, 2023, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2023-00733) against Defendant.

21. More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22. All conditions precedent to bringing this action have been

performed or have occurred.

## GENERAL ALLEGATIONS

23. On August 1, 2022, Freedom Solar hired Ms. Graver as an Energy Consultant in its Tampa, Florida region.

24. After two weeks of training, Freedom Solar alerted its employees that there was a supply chain shortage of copper and other resources. Freedom Solar was trying to import products from India, but the products were not compatible with current inverters and attachments provided by Freedom Solar. This announcement concerned Ms. Graver as Freedom Solar's sales platform is based off partner exclusivity with SunPower who offered a premier- state of the art module system, and if Freedom Solar could no longer source the modules from SunPower, Ms. Graver's sales potential would be extremely limited.

25. Following this supply chain shortage announcement, Joseph Brace approached Ms. Graver and asked Ms. Graver to explain what this shortage meant to them as sales consultants since Ms. Graver had far more experience in the Solar field than Mr. Brace.

26. Ms. Graver explained the challenges and barriers they might face, and Mr. Brace asked her if she had investigated what incentives other

solar companies in the area were offering their sales consultants. Mr. Brace then asked questions about several competitors in the area stating that he had thought about going to work for Solar Bear because he heard they paid their consultants higher commissions.

27. On August 30, 2022, worried that the supply chain shortage would affect their sales, Ms. Graver and Mr. Brace met with AP Pros, sales manager Ryan Craghead and his team to see if AP Pros were experiencing any supply chain shortage issues. The purpose of the meeting was to gain insight on the supply chain shortage issue and produce a solution for Freedom Solar.

28. During the meeting, Mr. Brace asked many questions about Ap Pros' commissions, their sales process, and what benefits they had to offer a potential employee. Mr. Brace also discussed Freedom Solar's service areas, the types of leads he received, the installation process, the turnaround time for projects, the financing options available to his clients and his anticipated commissions.

29. Following the meeting, Mr. Craghead offered both Ms. Graver and Mr. Brace a job.

30. Ms. Graver thanked Mr. Craghead for his offer, time, and the

information he provided regarding supply chain shortages and alternative sourcing but respectfully declined the job offer.

31. Conversely, Mr. Brace provided Mr. Craghead with his phone number and asked Mr. Craghead to give him a call. As they left the meeting, Mr. Brace told Ms. Graver that he planned to leave the Solar industry all together to back to work for his former employer, Primerica, as an insurance agent. Ms. Graver wished him the best of luck with whatever decision he made for him and his family and thought that was the end of the discussion.

32. On September 13, 2022, Mr. Brace reported that Ms. Graver had met with this other company to Freedom Solar's human resources department as a violation of her non-compete agreement.

33. Following Mr. Brace's disclosure, Ms. Graver's supervisor, Justin McCombs - Area Sales Manager for the Tampa region, terminated Ms. Graver's employment based on the meeting she and Mr. Brace had but took no disciplinary action against Mr. Brace. Furthermore, Mr. McCombs never asked Ms. Graver anything about the meeting or Mr. Brace's involvement prior to terminating her employment on September 16, 2022.

34. Despite, Mr. McCombs refusal to investigate Ms. Graver's side of the meeting, Ms. Graver did inform Mr. McCombs that Mr. Brace did in

fact violate the same contract he had accused her of violating by giving private details about Freedom Solar's contracts, operations, sales processes, and training procedures. Mr. McCombs confirmed Ms. Graver's termination and let her know that the decision to terminate her had come from the highest corporate level and that they had also decided not to discipline Mr. Brace for his involvement in the same meeting.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Gender Discrimination

35. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Plaintiff is female.

37. During the period from August 1, 2022, until September 16, 2022, Defendant employed Plaintiff.

38. Plaintiff, having held her position as an Energy Consultant from August 1, 2022, until September 16, 2022, showed that she was qualified for her position.

39. At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her gender by:

9

    a.    Subjecting plaintiff to more severe disciplinary actions for identical offenses in comparison to her male coworker; and

    b.    Terminating Plaintiff's employment for perceived violations of Company policies while not disciplining her male coworkers for the identical violation.

40. Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

41. The discriminatory acts of Plaintiff's coworkers materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' discriminatory acts materially altered the terms and conditions of Plaintiff's employment.

42. Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

43. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's coworkers' discrimination of Plaintiff, but did not take prompt remedial action to

eliminate the discrimination.

44. Defendant violated Title VII by subjecting Plaintiff to discrimination because of her gender by failing to promptly correct Plaintiff's coworkers' discrimination once it learned of it.

45. Further, Defendant failed to prevent and promptly correct this illegal workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by her coworkers failed to promptly take steps to correct the conduct of her coworkers who, like Plaintiff, were under their supervision, management, and control.

46. Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination by terminating Plaintiff's employment on September 16, 2022.

47. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under Title VII.

48. Defendant's actions constitute discrimination in violation of

Title VII.

49.     As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, AMBER GRAVER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FREEDOM SOLAR, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her gender;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to

which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.     Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
### Gender Discrimination

50. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

51. Plaintiff is female.

52. During the period from August 1, 2022, until September 16, 2022, Defendant employed Plaintiff.

53. Plaintiff, having held her position as an Energy Consultant from August 1, 2022, until September 16, 2022, showed that she was qualified for her position.

54. At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her gender by:

    a. Subjecting plaintiff to more severe disciplinary actions for identical offenses in comparison to her male coworker; and

    b. Terminating Plaintiff's employment for perceived violations of Company policies while not disciplining her male coworkers for the identical violation.

55. Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

56. The offensive acts of Plaintiff's coworkers materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts materially altered the terms and conditions of Plaintiff's employment.

57. Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

58. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

59. Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of her gender.

60. Plaintiff, by being subjected to this discrimination created by

Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

61. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

62. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, AMBER GRAVER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FREEDOM SOLAR, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D. Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E. Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 26th day of June 2023.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Attorneys for Plaintiff